# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVE CHADWICK | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RWT-09-2562 |
| ROBERT SHEARIN | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is Defendant's Motion to Dismiss or for Summary Judgment. Paper No. 10.[1] Plaintiff has filed an Opposition to the motion. Papers No. 14, 15, and 16. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. See Local Rule 105.6 (D. Md. 2009). For the reasons that follow, the Motion to Dismiss or for Summary Judgment, construed as a Motion for Summary Judgment, will be granted.

**Background**

Plaintiff alleges his constitutional rights were violated when he was not permitted to present certain evidence in his defense at an institutional disciplinary hearing. Plaintiff states he requested the video from the security camera stationed in the area where the incident occurred. The request was denied because the security video is "not available to staff or inmates due to lack of resources to retrieve the video images." Paper No. 10 at Ex. A, p. 5.

Plaintiff was charged with masturbating after two officers observed him stroking his erect penis in an area near the prison kitchen. Id. at Ex. A. Plaintiff denied engaging in the behavior and wanted to present the security video as evidence. The hearing officer found Plaintiff guilty, noting that two officers submitted statements that he engaged in the behavior and that Plaintiff

---

[1] An identical copy of the Motion to Dismiss or for Summary Judgment was filed at Paper No. 13.

did not seek to challenge the statements by calling either officer as a witness for the hearing. Plaintiff was sentenced to 45 days of segregation. Id. at p. 8.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The Court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly

supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc., 840 F.2d 236, 240 (4th Cir. 1988).

**Analysis**

It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. See Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); see also Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a Bivens suit). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001) citing Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff has pointed to no action or inaction on the part of Defendant that resulted in a constitutional injury, entitling Defendant to dismissal. If, however, Plaintiff had named the proper Defendants in the complaint, summary judgment would still be appropriate.

In prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits he is entitled to certain due process protections.[2] See Wolff v. McDonnell, 418 U.S. 539 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. Wolff, 418 U. S. at 564-571. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). The mere fact that a DOC rule governing adjustment hearings was violated does not necessarily equal a due process violation. See Riccio v. County of Fairfax, 907 F.2d 1459, 1456 (4th Cir. 1990) ("[A] state does not necessarily violate the constitution every time it violates one of its rules."); Ewell v. Murray, 813 F. Supp. 1180, 1183 (W.D. Va. 1993) ("Even if state law creates a liberty interest, violations of due process are to be measured against a federal standard of what process is due.").

Plaintiff asserts that although he did not lose good conduct time, he lost other privileges as a result of the adjustment conviction, including loss of his job, increased penalties in subsequent adjustment proceedings as a repeat offender, and loss of a single cell assignment. Papers No. 15 and 16. Notwithstanding the loss of those privileges and the collateral effect of the adjustment conviction on subsequent disciplinary proceedings, Plaintiff's due process rights were not violated. Plaintiff received advance notice of the charges against him; he was afforded the opportunity to call witnesses; he received a hearing; and he received a written decision in which the guilty verdict was supported by some evidence.[3] Plaintiff's requested evidence, the

---

[2] The full panoply of constitutional rights afforded to criminal defendants at trial do not apply to prison disciplinary hearings. Plaintiff's Sixth Amendment claim is without merit.
[3] The reports by Correctional Officers Crowe and Pratt are "some evidence" of Plaintiff's guilt. Paper No. 10 at Ex. A.

security video, could not be produced without a compromise in security and staffing concerns. Thus, the denial of the security video did not violate due process.

Defendant is entitled to summary judgment in his favor on all claims raised in the Complaint. A separate Order follows.

Date: May 5, 2010

                                              /s/
                                  ROGER W. TITUS
                        UNITED STATES DISTRICT JUDGE